DANIEL G. GOLDEN, District Attorney Portage County
You request my opinion whether the register of deeds may limit the right of any person to inspect and copy certificates of marriages and fetal deaths recorded in his office.
You state that a portion of State of Wisconsin Form VS-20 (Marriage) is labelled "CONFIDENTIAL INFORMATION" and that a similar section of State of Wisconsin Form VS-18 (Fetal Death) is headed "CONFIDENTIAL INFORMATION FOR MEDICAL AND HEALTH USE ONLY." *Page 32 
You indicate that the register of deeds has been following advice given by a former attorney general with respect to withholding portions of certificates of live births. Part of that certificate, State of Wisconsin Form VS-1, is headed: "CONFIDENTIAL INFORMATION FOR MEDICAL AND HEALTH USE ONLY." In 53 OAG 22 (1964), it was stated that much of the confidential portion of the birth record contained information furnished by the patient to the physician within the professional relationship and that the register of deeds, in furnishing a certified copy, should omit the confidential section and should indicate that the copy furnished included only the nonconfidential portion. You inquire whether the same procedure can be followed with respect to certificates of marriages and fetal deaths.
It is my opinion that the procedure suggested in 53 OAG 22 (1964) cannot be followed as a general policy but that the custodian of the record in each case must determine whether it is in the public interest to withhold any portion of the three certificates involved. If the custodian denies the right of inspection and copying, or denies the person seeking a certified copy access to the whole record, he must state specific reasons for his denial. The person seeking inspection or a full copy would then have a right to seek to compel furnishing of the entire document by a mandamus action. In such case the court would review the record in camera and determine whether the reasons given by the custodian were sufficient to deny inspection or certification of the entire record. Beckon v. Emery (1967),36 Wis.2d 510, 153 N.W.2d 501; State ex rel. Youmans v. Owens
(1965), 28 Wis.2d 672, 137 N.W.2d 47.
There is no question that certificates of marriages, births, and fetal deaths are public records, authorized by law to be registered, filed, and indexed by the register of deeds. Secs.59.51 (7) and 69.21, Stats. He is directed to allow "any person" to examine, take notes from, or make copies of all books and papers required to be kept in his office. Sec. 59.14 (1) Stats. Similarly, sec. 19.21 (2), Stats., provides that:
 "Except as expressly provided otherwise, any person may with proper care, during office hours and subject to such orders or regulations as the custodian thereof prescribes, examine or copy any of the property or things . . . [required by law to be kept by said custodian]. Any person may, at his *Page 33 
own expense and under such reasonable regulations as the custodian prescribes, copy or duplicate any materials . . . ."
Finally, the register of deeds is authorized to furnish "any applicant a certified copy of a record . . . of any birth, fetal death, death, marriage or divorce." Sec. 69.23 (1), Stats. He is also required to furnish a certified copy of any record in his office to "any person, on demand and payment of the legal fees therefor . . . ." Sec. 59.51 (8), Stats. Section 889.18 (3), Stats., provides for a forfeiture for any officer who unreasonably refuses to furnish a certified copy of a record when tendered the legal fee therefor.
Clearly, certificates of marriages, fetal deaths, and births, except certificates of illegitimate births (see sec. 69.30 (1), Stats.), are subject to inspection and copying by any person. The general rule of full inspection is qualified only where there are specific statutory restrictions to the contrary, or where the custodian states specific, sufficient reasons for denial of disclosure. The custodian may impose reasonable rules and regulations on the examination and copying of records. See 58 OAG 67 (1969).
Section 69.05, Stats., provides that the state registrar shall prepare forms of certificate of births, fetal deaths and marriages, among others. State of Wisconsin Form VS-20, the marriage certificate, asks for the following information under the section headed "Confidential Information": color (race); number of this marriage; whether the last marriage ended by death, divorce, or annulment; date last marriage ended; usual occupation; kind of business or industry; and information as to service in the U.S. Armed Forces. There is no statute making such information confidential and it is questionable whether a pledge of confidence would have to be used to secure any of it. All items, with the exception of information as to prior service in the U.S. Armed Forces, are required by sec. 245.18, Stats., which governs the contents of marriage certificates. It is my opinion that the register of deeds could not limit inspection or copying of that portion of the certificate unless some other special circumstance existed which would constitute sufficient reason in a given case.
Section 69.34 (1), Stats., provides that "[t]he certificate of fetal death shall contain such items as the department [of health and social services] determines are necessary . . . ." The portion of the fetal death certificate which is headed "CONFIDENTIAL" *Page 34 
calls for information on race, education of mother and father, previous deliveries, number born dead, number living, prenatal visits, whether birth was legitimate, birth weight, injuries to fetus, congenital malformations or anomalies of fetus, type of delivery and instruments and surgical procedures used, complications related to pregnancy, complications not related to pregnancy, and complications of labor.
There is no statute making such information confidential, except in the case of an illegitimate birth, where the whole certificate is confidential. Sec. 69.30 (1), Stats. That section provides that all certificate of illegitimate births shall be kept in a separate file and are subject to public inspection only on court order.
Information concerning congenital malformations is not necessarily confidential, though it is subject to limited privilege. Section 69.32 (1), Stats., requires a physician, midwife, parent, guardian or other responsible person to make a separate report to the department explaining the nature of congenital deformities. Such report is in addition to any notice required in a birth certificate. Section 69.32 (2), Stats., provides:
 "The reports, notices or explanations of all cases of congenital deformity or physical defect provided for by this section shall be treated as confidential to the extent that the name or address of the deformed or defective person shall not be published by any newspaper, magazine or other paper or publication of general or special circulation."
I am not aware of any reason why data regarding race, education of the parents, birth weight, previous deliveries, number living and born dead are confidential. It is questionable whether a pledge of confidence is necessary to secure the information as it is required by a form promulgated pursuant to statute. While medical, personal and social histories are involved, such information can, in the usual case, be withheld only if disclosure would unduly damage reputations. State ex rel. Youmansv. Owens, supra. The possibility of some damage to reputations or mere embarrassment would not justify withholding the information.
BCL:RJV *Page 35