GERALD K. ANDERSON, District Attorney, Waupaca County
You request my opinion whether the sheriff's radio log and other intradepartmental documents kept by the sheriff are public records subject to inspection and copying by the general public.
It is my opinion that they are public records within the meaning of sec. 19.21 (1), Stats., and are subject to inspection and copying by any member of the public pursuant to sec. 19.21
(2), Stats., subject to the limitations contained in State exrel. Youmans v. Owens, 28 Wis.2d 672, 137 N.W.2d 470 (1965),139 N.W.2d 241 (1966), and Beckon v. Emery, 36 Wis.2d 510,153 N.W.2d 501 (1967), even though they are not records, "books and papers required [by law] to be kept in his office" and are not subject to the statutory right of inspection and copying by any person under the provisions of sec. 59.14 (1), Stats. See State ex rel.Journal Co. v. County Court, 43 Wis.2d 297, 168 N.W.2d 836
(1969).
Section 59.14 (1), Stats., applies to county officers, including the sheriff, and provides in part:
 ". . . All such officers shall keep such offices open during the usual business hours each day . . . and with proper care shall open *Page 13 
to the examination of any person all books and papers required to be kept in his office and permit any person so examining to take notes and copies of such books, records, papers or minutes therefrom." (Emphasis added.)
I am of the opinion that the words "required to be kept" are used in the restrictive sense, that is, "required by law to be kept." If an express statute requires the sheriff to keep a certain book or document in his office, there is a clear right of inspection and copying in any person. The register of prisoners committed to jail, sheriff's docket, daily jail records and cash books are examples of books or papers required by law to be kept in his office. See sec. 59.23 (2) and (8), Stats., and 41 Op. Att'y Gen. 237, 243 (1952), for definition of what is included in a "sheriff's dockets." State ex rel. Journal Co. v. County Court,supra, holds that where documents are in the hands of a county officer covered by sec. 59.14 (1), Stats., and "required to be kept in his office," there is a right of inspection in any person; that such right is subject only to the limitation in the statute itself; and that the document need not be filed to be subject to the statute. The court relied heavily on Hanson v.Eichstaedt, 69 Wis. 538, 35 N.W. 30 (1887), which interpreted sec. 59.14, Stats., which was adopted in 1849, and which has been substantially in its present form since the Hanson decision.
In 41 Op. Att'y Gen. 237 (1952), it was stated that notwithstanding secs. 18.01 [19.21], 59.14 (1) and 59.23, Stats., the public enjoys no right of inspection of telephone and radio logs, criminal complaint and investigation reports or other internal documents in the office of sheriff. The opinion interpreted the language in sec. 59.14 (1), Stats., "required to be kept" as "required by law to be kept." I am in agreement with that portion of the opinion. However, the portion of the opinion which implies that inspection of the documents involved can be denied, in blanket, even in view of the provisions of sec. 19.21
(1) and (2), Stats., is inconsistent with later-decided cases ofYoumans, Beckon and Journal, supra, and, in my opinion, is incorrect.
The most recent case involving county records does not mention sec. 59.14 (1), Stats., but was concerned with sec. 19.21, Stats. Citing Beckon v. Emery, supra, the court stated: "This court has previously noted that the `public policy, and hence the public interest, favors the *Page 14 
right of inspection of documents and public records."' State exrel. Dalton v. Mundy, 80 Wis.2d 190, 196, 257 N.W.2d 877 (1977).
Subsections (1) and (2) of sec. 19.21 Stats., provide:
 "Each and every officer of the state, or of any county, town, city, village, school district, or other municipality or district, is the legal custodian of and shall safely keep and preserve all property and things received from his predecessor or other persons and required by law to be filed, deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers.
 "Except as expressly provided otherwise, any person
may with proper care, during office hours and subject to such orders or regulations as the custodian thereof prescribes, examine or copy any of the property or things mentioned in sub. (1). Any person may, at his own expense and under such reasonable regulations as the custodian prescribes, copy or duplicate any materials, including but not limited to blueprints, slides, photographs and drawings. Duplication of university expansion materials may be performed away from the office of the custodian if necessary." (Emphasis added.)
The radio logs and intradepartmental documents you refer to are in the lawful possession of the sheriff or his deputies. I am unaware of any statute which would make the documents confidential or absolutely privileged. Section 349.19, Stats., makes certain accident reports confidential; however, your inquiry is not concerned with that type of document. In the absence of statutory or constitutional exception, the disclosure requirements of sec. 19.21 (2), Stats., which are subject to the limitations contained in the Youmans and Beckon cases, supra, apply.
This does mean however, that the documents are subject to automatic or full disclosure. The sheriff as custodian has a right and duty to determine whether there is a public interest in withholding partial or total inspection which is paramount to the stated statutory public interest permitting inspection. In such case such officer must give specific reasons for refusal, and the person seeking inspection can then resort to a mandamus action to test the reason. 63 Op. Att'y Gen. 400, 405-406 (1974), contains a summary of the criteria to be *Page 15 
considered by the custodian in making a determination to permit or deny public access to records. Please refer to that opinion and to 65 Op. Att'y Gen. 31 (1976). The pendency of criminal prosecution or the investigation of incidents which might result in prosecution would in most cases justify denial of inspection on a case-by-case basis. Denial may also be appropriate where there are unsubstantiated charges which might unduly harm the person or persons involved, if disclosed. Care must also be taken to guarantee an accused a fair trial.
You also inquire:
 Are there ". . . any restraints on a Sheriff or Police Department voluntarily discussing the results of blood tests taken from deceased automobile drivers, where in a specific case the investigation appears to be concluded, and there is a great curiosity in the community as to the results of the activities of the deceased driver as they relate to the cause of the fatal accident? "
Neither sec. 343.305 (6), Stats., which concerns the admissibility of the test in court, nor sec. 885.235, Stats., which concerns evidentiary weight given the tests, contain any provision requiring a sheriff to keep the results of such tests from public inspection. I can find no other statutory provision which exempts such tests from public inspection.
It is my opinion that the sheriff has a duty as custodian of the test report document to determine whether there is a public interest in withholding inspection which is paramount to the provision in sec. 19.21 (2), Stats., permitting inspection. If the investigation is completed and no motor vehicle ordinance or statutory violation prosecution is contemplated, there would in most cases be no valid reason for denying inspection and discussion would be likewise appropriate.
In 59 Op. Att'y Gen. 226 (1970), it was stated that blood test records in the hands of the coroner are public records subject to inspection and copying under sec. 19.21, Stats., but that the coroner could refuse public access if he determined that the harmful effect of publication would outweigh the benefit to be gained by making the information available. He would be required to state a specific reason *Page 16 
for nondisclosure which could be tested in the courts. The same answer applies to the sheriff.
BCL:RJV