Flanders vs. McVickar et al.

WALTER P. FLANDERS, Appellant,

*vs.*

J. L. McVICKAR, *et al.*, Respondents.

APPEAL FROM MILWAUKEE CIRCUIT COURT.

To an averment in the answer to a foreclosure complaint for the purchase money of real estate, that the vendor (mortgagee) was not seized of the premises as of a good sure and indefeasible estate, &c., the plaintiff replied, denying that he was not seized, &c. Held that this reply was techically defective, but under the Code might be held good in substance.

The "insufficiency" for which the Code allows a demurrer to a reply, is where the allegations and statements do not constitute a defence or denial to the counter claim or new matter set up in the answer.

Where the pleading is defective in form, or the opposite party is in doubt as to the precise nature of the allegations or averments, the remedy is to apply to the court to have them made more definite, under section 66 of the Code.

Under the Code, a defect in the form of pleading cannot be taken advantage of by demurrer.

This was an action for the foreclosure of a certain mortgage given by the respondents, McVickar and Bagnall to the plaintiff, Flanders, to secure the sum of $13,500, in installments, according to the condition of a certain bond of same date, being for the balance of the purchase money of certain real estate in the city of Milwaukee. The complaint sets out the substance of the bond and mortgage in the usual form, with the condition that "in case of the non-payment of any sum of money (either of principal, interest, or taxes,) at the time or times when the same should become due, agreeably to the conditions of said bond or mortgage, or any part thereof, then in such case, the whole amount of said principal sum should at the option of said Walter P. Flander, his representatives or assigns, be deemed to have become due, and

the same, with interest thereon at the rate aforesaid, should thereupon be collectable in a suit at law or by foreclosure of said mortgage, in the same manner as if the whole of said principal sum had been made payable at the time when any such failure should occur as aforesaid; and the said Walter P. Flanders, his heirs, executors, administrators or assigns, were empowered to sell the said mortgaged premises at public auction or vendue, and to make and execute to the purchaser or purchasers thereof good, ample and sufficient deeds of conveyance in the law, pursuant to the statute in such case made and provided; and out of the moneys arising from such sale, to retain the principal and interest which shall then be due on the said bond and mortgage, together with the costs and charges of such sale, and the sum of one hundred dollars, solicitor's fee; the surplus, if any, to be returned to the said J. Lawrence McVickar and Benjamin Bagnall, their heirs, executors, administrators or assigns."

And the said plaintiff further shows to this court, that the said defendants, J. Lawrence McVickar and Benjamin Bagnall, have failed to comply with the condition of the said bond and mortgage by omitting to pay the installment of principal and interest which became due and payable on the fifteenth day of October, A. D. 1857; and there is now justly due to the plaintiff upon said bond and mortgage the sum of twelve thousand and five hundred dollars, with interest from the fifteenth day of April, A. D. 1857, at eight per cent. per annum.

And the said plaintiff further shows to the court, and alleges upon information and belief, that the said defendants, J. Lawrence McVickar and Benjamin Bagnall, had notice that the plaintiff elected that the whole amount secured by said bond and mortgage be forthwith due by reason of the failure to pay the said installment and interest which became due October 15, 1857.

To this complaint the defendants answered, setting forth among other things, that the mortgage was given to secure the purchase money for certain real estate in the city of Milwaukee, describing the same, as mentioned in the complaint. That the defendants paid $2,000 pursuant to the contract of purchase, and received from the complainant a warranty deed of the premises with full covenants. That simultaneously therewith the defendants executed and delivered to the complainant a bond and mortgage for the residue of the purchase money, payable in annual installments, amounting to $13,000; that an attorney was employed to draw up said mortgage, which they supposed was done by filling up the blanks in the ordinary printed forms as generally used, and had no knowledge of the provision therein that the whole amount should become due at the option of the mortgagee, on failure to pay any installment of principal or interest; and they deny that they ever had any notice of the election of the said complainant that the whole amount of said mortgage should become or be considered due, and deny that it was so due as claimed.

And the defendants further alleged that the "deed of the said mortgage mentioned so executed by said Flanders to these defendants, contained among other things a covenant to the effect that said Flanders did grant, bargain and agree to and with these defendants, that at the time of the ensealing and delivering of said deed, he was well seized of said premises as of a good, sure, perfect, absolute and indefeasible estate of inheritance in the law in fee simple. And these defendants on information and belief, allege that said Flanders was not then seized of said premises as of a good, sure, perfect, absolute and indefeasible estate of inheritance in the law in fee simple, but that as to thirty one hundred and sixteenths (30-116) thereof, and also as to the tax titles hereinafter mentioned, his title was, and still is, in dispute, and that the same was, and still is, imperfect and worthless.

And these defendants further answering, allege that on three fourths of the said undivided one half of said lots mentioned and embraced in said deed, there was at the time of the execution and delivery thereof, sundry deeds and conveyances executed by the territory of Wisconsin, by the town of Milwaukee, by the city of Milwaukee and by the State of Wisconsin, or by one or more of them, to divers persons, based upon tax certificates of sale for the non-payment of taxes levied thereupon; and that the titles to said lands under said tax deeds were then held by persons other than said plaintiffs, and as they are informed, and believe are still so held, and these defendants charge and insist that by reason of such tax deeds and conveyances, the said Flanders was not seized of a good, sure, absolute and indefeasible estate of inheritance in law in fee simple in said premises.

And wherefore by reason of the breach of the said covenant in said deed, and the failure and imperfection of title aforesaid, these defendants demand damages to the amount of six thousand dollars against the said plaintiff, and which amount these defendants claim to recover and offset against any claim the plaintiff may establish against them in this action.

The plaintiff replied and denied that he represented to the defendants that he had a perfect title to the premises, and averred that it was well known to defendants that there were old outstanding tax titles thereon, and that the plaintiffs and defendants consulted with Brown & Ogden and others, &c., &c., &c., and denied that there was any mistake in the mortgage, but averred that it was well understood that the whole amount was to become due on default of payment, &c., and denied that the defendant did not have notice of the plaintiff's action, but averred on information and belief that the said notice was given by Finch & Lynde, his attornies, before the commencement of this suit; and admits that he gave a warranty deed as alleged in the answer. Then follows this clause:

" And plaintiff denies on information and belief, that at the time of the filing of the answer of the said defendants, he was not seized in fee of the said described premises, and denies that at the time of the execution of said deed by this plaintiff to said defendants, he was not seized of a good, sure, perfect, absolute and indefeasible estate of inheritance in the law in fee simple in and to the said premises, but this plaintiff alleges on information and belief, that there is no valid existing lien upon the premises conveyed by this plaintiff to said defendants, and denies that the title to the said premises, or any part thereof was, or still is, imperfect and worthless."

To which last paragraph of the reply, the defendants demurred for the following causes :

1. " That said portion of said reply is insufficient in this ; that it is hypothetical, because it denies the allegation which, in a former part of said reply, the plaintiff sought to avoid by setting up matter in avoidance.

2. That said portion of said reply is insufficient in this, that it merely denies and alleges conclusions of law without contravening or alleging facts upon which such conclusions are founded.

3. That said portion of said reply is insufficient in this ; that it denies a denial in the answer of an allegation in the complaint, and does not allege affirmatively that the plaintiff was seized in fee simple of the premises and the facts constituting such seizure.

The court sustained the demurrer, from which order the plaintiff appealed.

*Finch & Lynde,* for the Appellant.

*Jason Downer,* for the Respondent.

*By the Court,* COLE, J.   It does not admit of a doubt but that there is a technical defect in the reply of the appellant, wherein he denies on information and belief that, at the time of filing the answer of the respondents, he was not seized in fee of the premises, and denies that at the time of the execution of the deed by him to the respondents, he was not seized of a good, sure, perfect, absolute and indefeasible estate of inheritance in the law in fee simple, in and to the premises, &c.

By way of defence to the action for foreclosure of the mortgage, the respondents in their answer allege that the deed of the said premises in said mortgage and complaint mentioned, so executed by the appellant to them, contained among other things a covenant to the effect that the appellant did grant, bargain and agree to and with them, that at the time of the ensealing and delivery of said deed, he was well seized of the said premises as of a good, sure, perfect, absolute and indefeasible estate of inheritance in law in fee simple, and they allege that he was not then seized of said premises as of a good, perfect, absolute and indefeasible estate of inheritance in law in fee simple, but as to thirty one hundred and sixteenths thereof, the title was in dispute and worthless, thus negativing generally the words of the covenant in the deed. It will be observed that the reply, instead of alleging affirmatively in the language of the covenant that the appellant was seized, &c., denies that he was not seized, &c.   This is certainly defective pleading, and the question is how it is to be taken advantage of under the code.   By the old practice the opposing party would have specially demurred to such a pleading.   But the code has wrought most important changes in reference to the pleadings in an action; section 61 declares what 'shall be a ground of demurrer to a reply, which is *insufficiency.*   That is, we suppose, where the statements and

Flanders vs. McVickar et al.

allegations of the reply do not in substance constitute any defence or denial to the counter claim or ew matter set up in the answer. The insufficiency relates rather to the substance of the reply than the form of expression. The code likewise requires in the construction of pleadings for the purpose of determining their effect, that the allegations shall be liberally construed with a view to substantial justice between the parties; section 65. In the present case we think the substance of the reply good and sufficient, but that the manner in which the allegations are made is quite defective. But still the objection is not to the substance but to the form of pleading. For if the appellant had alleged in the reply affirmatively, that he was seized in fee of the mortgaged premises. at the time of the execution of his deed, as of a good, sure, perfect, absolute and indefeasible estate of inheritance in the law ; that there were no valid liens existing upon the premises, and that the title was good and perfect, it would have been deemed a sufficient denial of the new matter set up in the answer. The defence relied on in the answer is a failure of title to a portion of the property and outstanding incumbrances, &c. And really the appellant replied that there was no failure of title, or no incumbrances upon the premises. It is very evident that this was the object of the pleader who drew the reply, although he framed the allegations in a very inartistic manner. If however the respondents had any doubt as to the allegations of the reply, or as to the precise nature of the denial or defence relied upon in the reply, they could have moved the court to require the pleading to be made more definite and certain under section 66, and this we think was the course the respondents should have pursued under the circumstances, instead of demurring for a defect in form.

The order of the circuit court sustaining the demurrer to the reply must be reversed, and the cause remanded for further proceedings.