Amek BIN-RILLA, a/k/a James R. Preston, Petitioner,

v.

Thomas R. ISRAEL, Warden, Waupun Correctional Institution, and Bronson C. La Follette, Attorney General, Respondents.

Supreme Court

*No. 82–1337–W. Submitted on briefs April 28, 1983.—Decided July 1, 1983.*

(Also reported in 335 N.W.2d 384.)

For the petitioner there was a brief by *Sh. Amek bin-Rilla, pro se.*

For the respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

Amicus Curiae brief was filed by *Ben Kempinen,* Legal Assistance to Institutionalized Persons Program, Madison.

Amicus Curiae brief was filed by *Elena A. Cappella,* assistant state public defender, for the Office of the State Public Defender.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals dated July 22, 1982, denying Amek bin-Rilla's petition for a writ of habeas corpus. The court of appeals, relying on

sec. 782.02, Stats. 1981–82,[1] denied the requested relief of habeas corpus because the petitioner's challenge to certain conditions of his confinement did not challenge, as a petition for habeas corpus must, the legality of the order or judgment of commitment.[2] We conclude that the facts in the petition establish a claim for relief, and we remand the matter to the circuit court for Dodge county for proceedings consistent with this opinion.

This petition, like many *pro se* petitions, is difficult to understand. The petition states that petitioner is presently confined in the Waupun Correctional Institution in Dodge County, Wisconsin, that the petition for a writ of habeas corpus is based upon the illegality of "conditions of confinement," and that the circuit court for Dodge county "refuses to process the same." Although petitioner seeks to be released from "illegal state custody," petitioner also states that his postconviction motion, filed in the circuit court for Milwaukee county, was denied, and he does not challenge the validity of the judgment of conviction or the jurisdiction of the sentencing court.

When read with other documents in the record, the petition appears to allege four violations of constitu-

---

[1] Sec. 782.02, Stats. 1981–82, provides:

"782.02 **Who not entitled to.** No person shall be entitled to prosecute such writ who shall have been committed or detained by virtue of the final judgment or order of any competent tribunal of civil or criminal jurisdiction or by virtue of any execution issued upon such order or judgment; but no order of commitment for any alleged contempt or upon proceedings as for contempt to enforce the rights or remedies of any party shall be deemed a judgment or order within the meaning of this section; nor shall any attachment or other process issued upon any such order be deemed an execution within the meaning of this section."

[2] Amek bin-Rilla had filed the "*pro se*" petition for a writ of habeas corpus in this court, and this court transferred the petition to the court of appeals for disposition. *State ex rel. LeFebre v. Abrahamson*, 103 Wis. 2d 197, 307 N.W.2d 186 (1981).

tional rights contrary to the first, fifth, and fourteenth amendments to the United States Constitution: (1) that the prison administration has confiscated petitioner's papers and other materials relating to judicial proceedings; (2) that the circuit court's denial of petitioner's postconviction motion denied him access to the courts; (3) that the circuit court's denial of petitioner's postconviction motion denied him his constitutional right to freedom of religion; and (4) that the prison administration seized some of petitioner's papers.

The court of appeals construed the petition as contending that: "(1) Dodge county officials refuse to process a petition for a writ of habeas corpus; (2) the Milwaukee county circuit court denied a postconviction motion; and (3) personal property was illegally confiscated by prison officials." It denied the petition because none of these allegations challenges "the legality of the order or judgment of commitment."

In the order granting review of the decision of the court of appeals, this court stated that the only issue it would consider on review is whether "habeas corpus is the proper remedy under Wisconsin law for a claim that the constitutional rights of an inmate have been abridged by conditions of his confinement." The United States Supreme Court has not yet resolved this question, *Bell v. Wolfish,* 441 U.S. 520, 562, n. 6 (1979), and neither has this court.[3]

---

[3] The briefs err in suggesting that this court has already decided the question. In *State v. Gibbons,* 71 Wis. 2d 94, 99, 237 N.W.2d 33 (1976), this court granted habeas corpus relief when a prisoner challenged his condition of confinement. The case reveals, though, that the central issue in that case was whether the trial court had jurisdiction to impose an actual condition on the sentence that amounted to continuing control over the petitioner. This court held that the trial court had no such jurisdiction; therefore, any condition of confinement in excess of the jurisdiction was invalid. *Gibbons* thus falls into the category of cases traditionally cognizable on habeas corpus. Similarly, it is argued that this court implicitly

The state argues that conditions of confinement claims are not cognizable on habeas corpus. By conditions of confinement claims, we mean claimed denials of rights after sentence is imposed and while the person is in custody. Petitioner did not address this argument, but this court has received excellent assistance on petitioner's behalf from both the State Public Defender and Legal Assistance to Institutionalized Persons Program (LAIP), University of Wisconsin Law School, who filed amicus curiae briefs.[4]

held in *State ex rel. LeFebre v. Israel*, 109 Wis. 2d 337, 325 N.W.2d 899 (1982), that this court considered "conditions of confinement" claims on habeas corpus. One of the petitioner's allegations was that he had been denied access to the courts resulting in his failure to timely file the briefs on his appeal from the trial court's judgment of conviction. The other three allegations concerned whether the trial court had had jurisdiction over him when sentencing him. This court did consider the merits of the access to courts issue, which concerned the treatment petitioner received while incarcerated rather than the legality of his incarceration. The issue of whether such a claim is cognizable was not briefed before this court and was not considered by the court.

[4] Neither the public defender nor LAIP argues that habeas corpus is the exclusive or the best procedure to address prisoner complaints challenging unconstitutional conditions of confinement. Both amici point out that a prisoner has several remedies other than habeas corpus, including mandamus, prohibition, or certiorari and remedies available in a civil rights action under 42 U.S.C. sec. 1983. Each remedy may involve different procedural rights, and the scope of relief also varies according to the remedy. For example, monetary damages, as well as equitable relief, are available in a sec. 1983 action, whereas damages are not available in a habeas corpus action.

LAIP suggests that construing the *pro se* petition challenging the constitutionality of a prisoner's conditions of confinement as a civil rights action under 42 U.S.C. sec. 1983 (rather than as a habeas corpus petition) results in a more efficient resolution of the claim. *Terry v. Kolski*, 78 Wis. 2d 475, 254 N.W.2d 704 (1977).

In contrast, the office of the State Public Defender views habeas corpus as more flexible and expeditious than a civil rights action in remedying certain claims of unconstitutional conditions of confinement.

The question of whether a challenge to conditions of confinement is cognizable on habeas corpus is one aspect of the more general question of whether the court of appeals erred in dismissing this petition because the facts alleged in it did not appear to fit neatly within the remedy which the petitioner selected. We will first discuss the general question.

Prisoners ask trial and appellate courts to address or remedy a broad range of claims, from constitutional, statutory, and administrative rule violations to tort claims, contract claims, and family matters. As we noted previously, *pro se* petitions are often difficult to decipher. Before considering the prisoner's request on its merits, the court must determine what facts are alleged, how the claim might be categorized by legal title, and what relief the petitioner seeks. It is not always easy to answer these preliminary questions from the documents the prisoner submits. Both amicus briefs underscore the need for a system to identify the nature of the issues raised and relief sought by prisoners in *pro se* petitions, as well as for flexibility in processing those papers determined to raise nonfrivolous conditions of confinement issues.[5] This court and others have wrestled with

For a discussion of the advantages and disadvantages of the various remedies, see briefs of the amicus curiae filed in this court and material cited in note 5 *infra*.

The American Bar Association recommends a "simple remedy for cases challenging prison conditions." *Standards for Criminal Justice: Legal Status of Prisoners*, 23–2.1, Commentary on Judicial Procedures (adopted February 9, 1981).

[5] The management of prisoner suits has been the subject of attention in the federal courts and in the literature. See, for example, Zeigler and Hermann, *The Invisible Litigant: An Inside View of Pro Se Actions in the Federal Courts*, 47 N.Y.U.L. Rev. 157 (1972); *Project: Criminal Procedure*, 71 Geo. L.J. 723 (1982); *Project: Criminal Procedure, Prisoners' Rights*, 69 Geo. L.J. 211, 591 (1980); *Description of Procedures for Handling Prisoner Pro Se Cases in the United States District Court for the Western District of Wisconsin* (1978), unpublished photocopied materials; Sensenich, *Compendium of the Law on Prisoners' Rights* (Federal Ju-

the problem of developing an efficient system to screen and evaluate *pro se* petitions. *See* Report of the Wisconsin Supreme Court Committee on Pro Se Prisoner Petitions (June 1980) ; *Office of State Public Defender v. Circuit Court for Dodge Co.,* 104 Wis. 2d 579, 312 N.W.2d 767 (1981).

Although this court's efforts have not resulted in adoption of rules prescribing procedures that circuit courts should follow in handling prisoners' *pro se* complaints, this court has set forth some guidelines for considering these complaints. We have long adhered to the view that *pro se* prisoner complaints, whether offered in petition or any other form, including letters to judges, must be construed liberally to determine if the complaint states any facts giving rise to a cause of action. In *State ex rel. Terry v. Traeger,* 60 Wis. 2d 490, 497, 211 N.W.2d 4 (1973), we explained the necessity for construing *pro se* complaints liberally to do substantial justice:

"We recognize that the confinement of the prisoner and the necessary reasonable regulations of the prison, in addition to the fact that many prisoners are unlettered and most are indigent, make it difficult for a prisoner to obtain legal assistance or to know and observe jurisdictional and procedural requirements in submitting his grievances to a court. Accordingly, we must follow a liberal policy in judging the sufficiency of pro se complaints filed by unlettered and indigent prisoners."

Our policy of liberally construing *pro se* prisoner petitions is consistent with this state's policy of construing

dicial Center 1979) ; Federal Judicial Center, *Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts* (1980) ; Papers filed in connection with *In the Matter of the Amendment of the Rules of Civil Procedure Relating to Pro Se Communications by Institutionalized Persons, Proposed sec. 801.86,* on file with the Clerk of Court, Wisconsin Supreme Court; *Office of the State Public Defender v. Circuit Court for Dodge County,* 104 Wis. 2d 579, 586, n. 5, 312 N.W.2d 767 (1981).

civil pleadings liberally. We have consistently held that a complaint in a civil action should not be dismissed as legally insufficient unless it is clear that under no circumstances can the plaintiff recover. This court will "affirm an order dismissing a complaint for failure to state a claim only if, upon a review of the allegations contained therein, it appears to a certainty that no relief can be granted under any set of facts which plaintiffs could prove in support of them." *Quesenberry v. Milwaukee County,* 106 Wis. 2d 685, 690, 317 N.W.2d 468 (1982). *See* sec. 802.02(6), Stats. 1981–82.

In ordinary civil cases, as in *pro se* prisoner petition cases, we look to the facts pleaded, not to the label given the papers filed, to determine whether the party should be granted relief. *State ex rel. Furlong v. Waukesha Cty. Ct.,* 47 Wis. 2d 515, 522, 177 N.W.2d 333 (1970) (petition for a writ of prohibition treated as a petition for writ of habeas corpus) ; *Beane v. City of Sturgeon Bay,* 112 Wis. 2d 609, 334 N.W.2d 235 (1983).[6]

We re-emphasize today what we have said previously. A court presented with a prisoner's *pro se* document seeking relief must look to the facts stated in the document to determine whether the petitioner may be entitled to any relief if the facts alleged are proved. Neither a trial nor an appellate court should deny a prisoner's pleading based on its label rather than on its allegations.[7] If necessary the court should relabel the prisoner's pleading and proceed from there.

---

[6] Other courts also construe the claims of *pro se* petitioners by the facts alleged rather than by the labels attached to them. *See Long v. Parker,* 390 F.2d 816, 818–19 (3d Cir. 1968); *Streeter v. Hopper,* 618 F.2d 1178, 1181 (5th Cir. 1980) ; *Jones v. Decker,* 436 F.2d 954, 955 (5th Cir. 1970). *See* Doyle, *The Court's Responsibility to the Inmate Litigant,* 56 Judicature 406 (1973).

[7] The legislature has recently made the remedies available by use of a writ available in an ordinary court action. Sec. 781.01, Stats.

Liberally construing the petition presented in this case, we determine that the petitioner asserts facts which, if proved, might entitle him to relief. Petitioner claims that the prison authorities have taken legal papers from him and have refused to return the papers, denying him his right of access to the courts. We have recognized that a prisoner's constitutional right of access to courts, "tempered by reasonable regulations . . . remain[s] inviolate." *State ex rel. Terry v. Traeger,* 60 Wis. 2d 490, 496, 211 N.W.2d 4 (1973). *See also State ex rel. Thomas v. State,* 55 Wis. 2d 343, 352, 357, 198 N.W.2d 675 (1972). Accordingly, we conclude that regardless of whether the petitioner incorrectly labeled his paper as a petition for writ of habeas corpus, this petition seeking return of legal papers states a claim for which relief may be granted.

The appropriate remedy in this case for the claim of illegal conditions of confinement, if proved, would not be release from custody. The remedy would be a judicially mandated change in the illegal conditions, or an injunction against the practices, and possibly an award of damages. *Crawford v. Bell,* 599 F.2d 890 (9th Cir. 1979) ; *Cook v. Hanberry,* 596 F.2d 658, 660 (5th Cir. 1979), revising, 592 F.2d 248 (5th Cir 1979), *cert denied,* 444 U.S. 918. These remedies suggest that this petition properly could be construed as a petition for a writ of mandamus,[8] to compel the prison authorities to return the papers or to compel the circuit court for Dodge county to accept jurisdiction of the petitioner's com-

1981–82. This change is another indication of the state's preference for a flexible approach to pleading requirements.

[8] In *State ex rel. Terry v. Traeger,* 60 Wis. 2d 490, 211 N.W.2d 4 (1973), and *State ex rel. Thomas v. State,* 55 Wis. 2d 343, 198 N.W.2d 675 (1972), this court recognized mandamus as a procedure for seeking relief from unlawful conditions of confinement.

plaint. This petition could also be construed as a complaint alleging violations of civil rights. 42 U.S.C. sec. 1983. A petition for a writ of habeas corpus is not the proper remedy in this case. Nevertheless the court of appeals should have looked beyond the legal label the petitioner placed on his papers.

We conclude that this petition, when construed as claiming a deprivation of the constitutional right of access to courts, states a claim for relief and that the court of appeals erred in denying the petition. We do not, however, remand the petition to the court of appeals to order a response. Being a court of review, not a court of original jurisdiction, the court of appeals is not generally in a position to hear and decide these types of petitions on a regular basis. Because the circuit court is better able than an appellate court to make the kind of factual inquiry which may be necessary to decide the merits of this matter, a petition seeking relief from conditions of confinement should ordinarily be filed in the circuit court in the county where the petitioner is confined. When a petition regarding conditions of confinement is filed in or referred to the court of appeals, that court may deny the petition if it alleges no facts stating a claim for relief, may order a response if the petition is sufficient, or may transfer the petition to the circuit court for the county in which the petitioner is confined with directions to the circuit court to process the petition. This court has used a similar procedure. *See State ex rel. LeFebre v. Abrahamson*, 103 Wis. 2d 197, 307 N.W.2d 186 (1981), and cases cited therein. If a response is ordered and received, the court considering the petition and response should determine which type of relief, if any, is appropriate and what type of action, if any, is consistent with that relief. Since we conclude that the circuit court is better suited than the court of

appeals or this court to process this petition, we transfer it to the circuit court for Dodge county, the county in which the petitioner is incarcerated, rather than to the court of appeals, for appropriate proceedings.

Because we have concluded that this petition states grounds for relief, although it does not state grounds for habeas corpus relief, we find it unnecessary to discuss the issue we asked the parties to address. We leave for another day the question of whether habeas corpus may ever be a proper remedy for a claim that the constitutional rights of an inmate have been abridged by conditions of confinement.

*By the Court.*—Decision of the court of appeals is reversed; cause remanded to the circuit court for Dodge county for proceedings consistent with this opinion.