William Clifton LEWIS, Plaintiff-Appellant-Petitioner,

v.

Michael J. SULLIVAN, Secretary of Wisconsin Department of Corrections, Division of Adult Institutions; Gary R. McCaughtry, Superintendent, Waupun Correctional Institution, Wisconsin Department of Corrections, Defendants-Respondents.

Supreme Court

*No. 92–3141. Submitted on briefs October 24, 1994.—Decided December 7, 1994.*

(Also reported in 524 N.W.2d 630.)

157

For the plaintiff-appellant-petitioner there were briefs by *Michael P. May, Paul M. Schmidt* and *Boardman, Suhr, Curry & Field,* Madison.

For the defendants-respondents the cause was submitted on the brief of *Charles D. Hoornstra,* assistant attorney general and *James E. Doyle,* attorney general.

Amicus Curiae brief was filed by *Martha K. Askins,* assistant state public defender.

SHIRLEY S. ABRAHAMSON, J.   This is a review of an unpublished decision of the court of appeals filed August 23, 1993, affirming a judgment of the circuit court for Dane county, George A. W. Northrup, circuit judge. The circuit court dismissed the complaint of William Clifton Lewis (plaintiff), seeking relief against the Secretary of the Department of Corrections and the Superintendent of the Waupun Correctional Institution (defendants) for their alleged improper seizures of personal items sent to him, on the ground that the plaintiff had not complied with the notice of injury requirement of sec. 893.82, Stats. 1983–84. The court of appeals affirmed the order of the circuit court. We reverse the decision of the court of appeals and remand the matter to the circuit court to determine the merits of the plaintiff's claims for declaratory and injunctive relief.

Two legal questions are presented. First, does the complaint state a claim upon which relief in the form of replevin (that is, possession of the property or the value thereof and damages for the detention), a declaratory judgment or injunctive relief can be granted? Second, does the plaintiff's failure to comply with the notice of injury requirement of sec. 893.82(3), Stats. 1983–84, bar relief for replevin, declaratory relief or injunctive relief? We consider these legal issues *de novo,* benefit-

ting from the analyses of the circuit court and court of appeals.

It is long-standing precedent of this court that pleadings generally, and the pro se complaints of prisoners specifically, be construed liberally. We interpret this complaint as requesting monetary damages for the detention of property under the replevin statute, sec. 810.14, Stats. 1991–92, and declaratory and injunctive relief. We further conclude that sec. 893.82, Stats. 1983–84, the notice of injury statute, applies to the claim for monetary damages but does not apply to the claims for declaratory and injunctive relief. Our conclusion reaffirms *Casteel v. McCaughtry,* 176 Wis. 2d 571, 584–86, 500 N.W.2d 277, *cert. den.* 114 S.Ct. 329 (1993). Accordingly we reverse the decision of the court of appeals.

I.

██

We first examine the complaint to determine whether it states a claim entitling the plaintiff to a remedy. To make this determination, a court must ascertain what facts the complaint alleges and whether the facts alleged, if proved, entitle the petitioner to *any* relief. We then determine what relief the plaintiff is seeking. It is not always easy to make these determinations from the documents a pro se litigant submits.

For purposes of this review, the facts set forth in the complaint are undisputed. Since 1985 the plaintiff, an inmate at Waupun Correctional Institution, has attempted through legal action to retrieve papers and envelopes sent to him by his wife but not delivered to him by the defendants. He has also challenged the defendants' policy of limiting inmate access to certain word processing devices. The plaintiff's case has been

in the legal system for eight years and has been before the court of appeals three times.[1] He has appeared pro se in all proceedings prior to this court's review.

This review concerns the plaintiff's civil action commenced in the Dane county circuit court in December 1991, against the Secretary of the Department of Corrections and the Superintendent of Waupun Correctional Institution, the defendants. The complaint alleges that the plaintiff is entitled to the typing paper, legal pads and envelopes which were seized by the defendants. The complaint further alleges that although the plaintiff was permitted to possess an electronic memory typewriter, he was prevented from attaching a floppy disk drive to increase its storage capacity. In addition, the plaintiff asserts that he is prohibited from purchasing writing supplies from a vendor other than the prison canteen.

---

[1] In December 1985, the plaintiff brought a section 1983 action (42 U.S.C. sec. 1983) which the circuit court dismissed on the grounds that he did not serve a notice pursuant to sec. 893.82, Stats. 1983–84. In an unpublished decision filed August 8, 1989, the court of appeals reversed the circuit court's judgment on the ground that the notice of injury statute was not applicable to a section 1983 action.

On remand, the circuit court again dismissed the section 1983 action, this time on the ground that the plaintiff had an adequate remedy under state law for damages or replevin. The court of appeals affirmed. *Lewis v. Young,* 162 Wis. 2d 574, 580–81, 470 N.W.2d 328 (Ct. App. 1991). This published opinion sets forth in great detail the facts that gave rise to the plaintiff's claim.

The plaintiff then brought this action. As we explained, the circuit court dismissed the action on the grounds that the plaintiff did not serve a notice pursuant to sec. 893.82, Stats. 1983–84. In an unpublished decision filed on August 23, 1993, the court of appeals affirmed the dismissal.

The complaint alleges that the defendants' policies and procedures relating to seizure of property are an unconstitutional deprivation of property without due process and have a "chilling" effect on the exercise of constitutional rights. The latter assertion apparently refers to the right of prisoners to have access to the legal system and represent themselves.

The plaintiff labeled his complaint a civil action for replevin relief and he refers frequently to Wisconsin's replevin statute, chapter 810, Stats. 1991–92. Chapter 810 provides for recovery of possession of the wrongfully seized property, or in the alternative, for recovery of the value of the property. It also provides for damages for detention of the property.[2]

In his complaint the plaintiff prays for $10,000 in compensatory damages under the replevin statute "for the denial of access to property," $6,000 in reimbursement of costs and expenses incurred during the pendency of this civil action, and "an order as final judgment directing the defendants to provide the plaintiff access to the cash amount of property illegally

---

[2] Section 810.13, Stats. 1991–92, provides as follows:

"Upon the trial the court or jury shall find: (1) whether the plaintiff is entitled to possession of the property involved; (2) whether the defendant unlawfully took or detained the same; (3) the value thereof; (4) the damages sustained by the successful party from any unlawful taking or unjust detention of the property to the time of the trial. Judgment shall go in accordance with s. 810.14."

Section 810.14, Stats. 1991–92, provides in part:

"In any action of replevin judgment for the plaintiff may be for the possession or for the recovery of possession of the property, or the value thereof in case a delivery cannot be had, and of damages for the detention; and when the property shall have been delivered to the defendant, under s. 810.06, judgment may be as aforesaid or absolutely for the value thereof at the plaintiff's option, and damages for the detention."

confiscated from him." The complaint also states, however, that the value of the property and its location after six years have become "non-issues."

In addition, the complaint specifically refers to the circuit court's authority to render a declaratory judgment, citing sec. 806.04, Stats. 1991–92, and requests a "replevin judgment" to state "that the plaintiff may possess the items denied" to him and such other relief as the circuit court deems appropriate and just.

For well over 100 years, this court has consistently held that pleadings shall be liberally construed with a view to substantial justice between the parties.[3] We have frequently stated that a complaint in a civil action should not be dismissed as legally insufficient unless it is clear that there are no circumstances under which the plaintiff can recover.[4]

Consistent with this view, this court has also held that the pro se complaints of prisoners must be construed liberally in determining whether the stated facts give rise to a cause of action.[5] "Neither a trial nor

---

[3] See, e.g., Winkel v. Production Credit Assn, 153 Wis. 2d 550, 556, 451 N.W.2d 440 (Ct. App. 1989); Jenkins v. Sabourin, 104 Wis. 2d 309, 311 N.W.2d 600 (1981); General Split Corp. v. P&V Atlas Corp., 91 Wis. 2d 119, 280 N.W.2d 765 (1979); State ex rel. Dalton v. Mundy, 80 Wis. 2d 190, 257 N.W.2d 877 (1977); Flanders v. McVickar, 7 Wis. 372 (1858).

[4] See, e.g., Casteel v. McCaughtry, 176 Wis. 2d 571, 578, 500 N.W.2d 277 (1993); State v. American TV & Appliance, 146 Wis. 2d 292, 300, 430 N.W.2d 709 (1988), motion to vacate denied, 151 Wis. 2d 175, 443 N.W.2d 662 (1989); Strid v. Converse, 111 Wis. 2d 418, 331 N.W.2d 350 (1983).

[5] "We recognize that the confinement of the prisoner and the necessary reasonable regulations of the prison, in addition to the fact that many prisoners are unlettered and most are

an appellate court should deny a prisoner's pleading based on its label rather than on its allegations. If necessary the court should relabel the prisoner's pleading and proceed from there." *bin-Rilla v. Israel,* 113 Wis. 2d 514, 521, 335 N.W.2d 384 (1983).

Liberally construing the complaint in the case at bar, we determine that the plaintiff claims that the defendants' seizure of his property deprived him of property in violation of his due process rights. We further determine that the alleged facts, if proved, might give rise to various remedies including a declaration of rights, a judicially mandated change in the defendants' conditions for inmate possession of property, an injunction against the defendants' illegal practices, a return of the property (or its value) to the prisoner, and possibly an award of monetary damages for detention of the property. *bin-Rilla v. Israel,* 113 Wis. 2d 514, 522, 335 N.W.2d 384 (1983).

The type of relief the plaintiff seeks is not readily apparent. The complaint clearly and specifically requests a judgment in replevin, which can entail recovery of possession of the property or the value of the property if possession is not possible, and damages for detention of the property. Section 810.14, Stats. 1991–92. Although the plaintiff concedes that the value and location of the property are no longer rele-

---

indigent, make it difficult for a prisoner to obtain legal assistance or to know and observe jurisdictional and procedural requirements in submitting his grievances to a court. Accordingly, we must follow a liberal policy in judging the sufficiency of pro se complaints filed by unlettered and indigent prisoners." *State ex rel. Terry v. Traeger,* 60 Wis. 2d 490, 497, 211 N.W.2d 4 (1973). *See also Casteel v. Vaade,* 167 Wis. 2d 1, 481 N.W.2d 476 (1992); *bin-Rilla v. Israel,* 113 Wis. 2d 514, 520, 335 N.W.2d 384 (1983).

vant, the complaint requests "monetary compensation" for the detention of the property. The complaint also expressly refers to the declaratory judgment powers of the circuit court, but it contains no explicit prayer for either declaratory or injunctive relief.

The court is not bound by the label the plaintiff puts on the pleadings, namely "Civil Action for Replevin Relief," nor must we limit our consideration of remedies to those specifically mentioned in the complaint. A liberal reading of the complaint leads us to conclude that the plaintiff seeks damages for detention of the property but does not seek possession of the property or its value. The latter are, according to the plaintiff, "non-issues."

We further conclude that the plaintiff seeks declaratory and injunctive relief. As we have said, the complaint refers directly to the declaratory judgment powers of the circuit court, and it is permeated by descriptions of the plaintiff's efforts and desire to stop the defendants from enforcing their rules and practices relating to property.

The defendants assert that this case is a damage claim disguised as an action in equity. Defendant's brief at 19. The plaintiff asserts that he "is seeking a declaration that the confiscation of his property and the state's policy restricting access to his property are in violation of his constitutional and statutory rights."[6] Plaintiff's brief at 12.

---

[6] The plaintiff's reply brief further describes the relief he seeks as follows: "Equitable relief in the form of a judicial order declaring that the defendants acted improperly in failing to provide Mr. Lewis adequate procedural due process, and an injunction against similar conduct in the future, represents an important grant of protection for Mr. Lewis and others in his

A court should, as stated before, examine the complaint to determine whether it states a claim upon which any relief can be granted, regardless of what relief the plaintiff requests. We conclude that the complaint, liberally read, states a claim for relief. We further conclude that the complaint itself, liberally construed, seeks monetary damages for detention of the property under the replevin statute (but not possession of the property or the value thereof), as well as declaratory and injunctive relief.[7]

## II.

The next question before this court concerns the impact on the plaintiff's claims of his failure to comply with the notice of injury requirements set forth in sec. 893.82, Stats. 1983–84.[8] Under sec. 893.82(3), Stats.

---

position. Whether or not Mr. Lewis has forfeited his right to monetary compensation, he is entitled to a judicial declaration that the actions of the defendants were or were not appropriate." Plaintiff's reply brief at 5.

[7] The defendants argue that the plaintiff has waived the right to seek non-monetary declaratory or injunctive relief. In the procedural morass of this case we are hard-pressed to find waiver.

[8] The plaintiff asserts that he substantially complied with sec. 893.82, Stats. 1983–84. In rebuttal, the defendants argue that the plaintiff's claim for substantial compliance is barred by *res judicata* or collateral estoppel. We conclude that the plaintiff failed to comply with sec. 893.82, Stats. 1983–84, under either a strict or substantial compliance analysis.

Section 893.82(2m), created by 1991 Wisconsin Act 39, sec. 3582, states that "no complainant may bring an action against a state officer, employe or agent unless the claimant complies strictly with the requirements of this section." Section 893.82 (2m) is not applicable to this case.

1983–84, no civil action shall be brought against a state officer for or on account of an act committed in the course of the discharge of the officer's duty unless the claimant serves written notice on the attorney general within the statutorily prescribed time period. Section 893.82(3), Stats. 1983–84, provides as follows:

> No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim or injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved. A specific denial by the attorney general is not a condition precedent to bringing the civil action or civil proceeding.

Section 893.82, Stats. 1983–84, is a "notice of injury statute.. . .[that] imposes a condition precedent to the right to maintain an action." *Ibrahim v. Samore,* 118 Wis. 2d 720, 726, 348 N.W.2d 554 (1984). The purpose of the notice of injury statute is to enable the attorney general to investigate claims before they become stale. *Mannino v. Davenport,* 99 Wis. 2d 602, 609–10, 299 N.W.2d 823 (1981). More specifically, the purpose of the statute is to "permit the attorney general to investigate a claim against an employee which might result in a judgment to be paid by the state under the indemnity statute, sec. 895.46." *Ibrahim v. Samore,* 118 Wis. 2d 720, 727, 348 N.W.2d 554 (1984),

*quoting with approval Doe v. Ellis,* 103 Wis. 2d 581, 589, 309 N.W.2d 375 (Ct. App. 1981); *Yotvat v. Roth,* 95 Wis. 2d 357, 367, 290 N.W.2d 524 (Ct. App. 1980).

The notice of injury statute protects the state's financial interests. Cases have applied the notice of injury provision to tort actions for compensatory damages. *See, e.g., Ibrahim v. Samore,* 118 Wis. 2d 720, 348 N.W.2d 554 (1984); *Mannino v. Davenport,* 99 Wis. 2d 602, 299 N.W.2d 823 (1981); *Doe v. Ellis,* 103 Wis. 2d 581, 309 N.W.2d 375 (Ct. App. 1981); *Yotvat v. Roth,* 95 Wis. 2d 357, 290 N.W.2d 524 (Ct. App. 1980). Accordingly, we conclude that, because the plaintiff did not comply with sec. 893.82(3), his claim under the replevin statute for damages for detention of the property fails.

We reach a different conclusion about the plaintiff's claims for declaratory or injunctive relief. In *Casteel v. McCaughtry,* 176 Wis. 2d 571, 585, 500 N.W.2d 277 (1993), this court concluded that "sec. 893.82(3) does not apply to claims for injunctive and declaratory relief." We rely on that decision.[9]

The plaintiff asks the court to interpret the complaint as a request for sec. 1983 relief if this court does not recognize an adequate state action claim. Adhering

[9] In *Department of Natural Resources v. Waukesha,* 184 Wis. 2d 178, 515 N.W.2d 888 (1994), the court held that the state must comply with sec. 893.80(1), the notice of claim statute applicable to claims against specified governmental bodies. The DNR's claim in that case was for money as well as for injunctive relief. The court stated that sec. 893.80(1) applies to more actions than tort actions for money. Section 893.80(1) is not in issue in this case.

to *Irby v. Macht,* 184 Wis. 2d 831, 850, 522 N.W.2d 9 (1994), *cert. denied* (Nov. 28, 1994; U.S. No. 94–6207), we conclude that the injunctive and declaratory relief accorded the plaintiff are adequate. A state remedy does not have to afford a prisoner an opportunity to receive money damages in order to be considered adequate under section 1983. *Id.*

For the reasons set forth we reverse the decision of the court of appeals and remand the cause to the circuit court to determine the merits of the claims for declaratory and injunctive relief.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.