**Daniel HARR, Petitioner–Appellant,**

v.

**Thomas E. KARLEN, Respondent–Appellee.**

No. 02–4286.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2003.*

Decided June 19, 2003.

Rehearing Denied July 9, 2003.

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

### ORDER

Wisconsin inmate Daniel Harr contends that his First and Fourteenth Amendment rights were violated when a prison disciplinary board extended his mandatory release date as a penalty for writing a letter to a newspaper criticizing conditions at out-of-state facilities where many Wisconsin prisoners serve their time. After unsuccessfully litigating this same claim in civil rights suits brought both in state and federal courts, Harr filed this habeas corpus action under 28 U.S.C. § 2254. The district court held that Harr had failed to exhaust his state-court remedies because he did not seek review through a state common law petition for certiorari. We affirm.

Harr's habeas corpus claim arrives here only after a long, circuitous route through the state and federal courts. In June 1999, after Harr wrote a letter containing criticism of prison conditions and mailed it to a newspaper, the prison disciplinary board extended his mandatory release date by 45 days and imposed a period of segregation. In August 1999, Harr filed a suit challenging the board's decision under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Wisconsin. The court dismissed that suit because Harr had not succeeded in overturning his disciplinary conviction before suing, as required by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Then in August 2000, Harr filed in state court a similar suit under § 1983,

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

which was dismissed for the same reason. In upholding the dismissal, the Wisconsin Court of Appeals explained that Harr should have sought a remedy using the state common law petition for certiorari, rather than § 1983. The appellate court added, however, that Harr's claim was now time-barred because such petitions may only be filed within 45 days of when the claim accrues. The Wisconsin Supreme Court denied Harr's petition for review.

Before filing a petition under § 2254, a state prisoner must exhaust all adequate and available state remedies. 28 U.S.C. § 2254(b)(1); *Mahaffey v. Schomig*, 294 F.3d 907, 914 (7th Cir.2002). To exhaust state remedies, Wisconsin inmates must challenge prison disciplinary board decisions by filing, within 45 days of the decision, a petition for a common law writ of certiorari. Wis. Stat. § 893.735; *see also State ex rel. Tyler v. Bett*, 257 Wis.2d 606, 652 N.W.2d 800, 801 (Wis.App.2002). On appeal Harr concedes that he did not file a common law petition for certiorari, but he argues that we should excuse this deficiency and reach the merits of his habeas corpus claim.

Harr offers three arguments disputing the district court's decision that his failure to file a petition for writ of certiorari deprived the state courts of an opportunity to pass upon the substance of his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (requiring that petitioner fully and fairly present claims to state courts). First, Harr argues that the state court should have construed his § 1983 civil rights suit as an adequate substitute for the common law writ of certiorari (or, alternatively, relabeled the complaint as such). Indeed, Harr now seems to believe that his state-court cause of action satisfied all of the requirements of a tort claim, a § 1983 claim, *and* a petition for a common law

writ of certiorari. But on its face, Harr's complaint in state court was a civil action for damages, not a petition simply seeking to overturn an administrative decision. Harr contends that, despite this, Wisconsin law required the state court to relabel his claim to suit his present purposes. *See Lewis v. Sullivan*, 188 Wis.2d 157, 524 N.W.2d 630 (Wis.1994); *bin-Rilla v. Israel*, 113 Wis.2d 514, 335 N.W.2d 384 (1983). But this is a question of state law, which we do not review on federal habeas corpus unless Harr can show that he has been deprived of a constitutional right. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Mahaffey*, 294 F.3d at 914. Even if the state court had stretched Harr's claim to fit within the scope of a petition for certiorari, it would have been barred under the 45–day statute of limitations prescribed by Wis. Stat. § 893.735. Harr's cause of action accrued when his disciplinary hearing took place, but he did not file his § 1983 suit in state court until August 14, 2000, a year later.

Second, Harr contends that the Wisconsin common law certiorari process is not an "adequate" state remedy that he was required to exhaust before pursuing this habeas corpus claim. We have held that Wisconsin's post-deprivation remedies must be exhausted because they provide adequate protection of a prisoner's due process rights. *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir.2001) (denying habeas corpus petition); *Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir.1996) (upholding dismissal of section 1983 claim). But Harr asserts that his case is unique because he could not contest the collateral consequences of the disciplinary board decision–his parole denial and a disciplinary board decision on a related retaliation claim–until he had obtained reversal of the disciplinary decision. As a result, he asserts that the 45–day statute of limitations would effectively bar him from seeking

review. This argument is nonsensical; if Harr believed that his parole denial and retaliation claims were based upon an unconstitutional disciplinary decision, he could have sought certiorari review immediately regardless of whether he had obtained reversal of the first decision. Harr also asserts that the common law certiorari process is inadequate in that it violates the Wisconsin Constitution by denying him a right to trial by jury. But certiorari involves only legal issues, which, unlike factual questions, are to be determined by a judge under Wisconsin law. *See State ex rel. Treat v. Puckett,* 252 Wis.2d 404, 643 N.W.2d 515, 520 n. 5 (Wis.2002).

Third, Harr argues that his failure to pursue common law certiorari relief should be excused because he was not informed of the correct state procedures. He claims that at one point he contacted an unnamed attorney who advised him that § 1983 was the correct method by which to challenge his disciplinary conviction. Harr's procedural default of his claims in the Wisconsin courts may be excused only if he can demonstrate cause and prejudice. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Although official misconduct or interference can potentially constitute "cause," *see Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), attorney error cannot because there is no right to counsel during prison disciplinary proceedings, *United States v. Gouveia,* 467 U.S. 180, 185 n. 1, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984); *Walker v. O'Brien,* 216 F.3d 626, 642 (7th Cir.2000).

Finally, Harr contests various other decisions made by the state court, including its decision to rename his initial tort claim as a § 1983 cause of action and its holding

that his claim is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). These arguments relate to cases other than the habeas claim that he raises in his present petition and are therefore without merit.

AFFIRMED.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).