John L. DYE, Jr., Plaintiff–Appellant,

v.

John BETT, et al., Defendants–Appellees.

No. 03–1096.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 20, 2003.*

Decided Oct. 21, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

### ORDER

John Dye, an inmate in Wisconsin's Dodge Correctional Institution (DCI), was assaulted by a fellow inmate in the DCI cafeteria. After his administrative complaint concerning the incident was dismissed as untimely, Dye filed a complaint in district court under 42 U.S.C. § 1983 against four DCI officials, alleging violations of his Eighth and Fourteenth Amendment rights along with a state law negligence claim. The district court granted summary judgment for the defendants, explaining that Dye failed to timely exhaust his administrative remedies and failed to notify the Wisconsin Attorney General of his intent to bring suit against state officials within 120 days of the incident as required by Wisconsin's notice-of-claim statute. *See* Wis. Stat. § 893.82. We affirm.

Dye's complaint stems from a fight with inmate Lester Young in the DCI cafeteria on February 4, 2001. Young attacked Dye with a stack of food trays and then his fists after an argument over job assignments. Nearly a year later, on January 4, 2002, Dye filed an inmate complaint alleging that the defendants were negligent in failing to prevent the assault, but a DCI complaint examiner dismissed it as untimely because Dye did not file it within 14 days of the incident as required by Wisconsin's Inmate Complaint Review System (IRCS). *See* Wis. Admin. Code § 310.09(3). An appeals examiner affirmed the dismissal. Dye then brought this suit in federal court, accusing the defendants of deliberate indifference and negligence in not preventing the assault; and violating his due process rights by not informing him of his attacker's name (and thereby, purportedly, preventing him from "further prosecut[ing]" his administrative grievance).

The court granted summary judgment to the defendants. Relying on our recent decision in *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002), the court held that, because he did not file a timely IRCS complaint, Dye failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The court also found that Dye did not file a timely notice of his intent to sue Wisconsin state officials with the Wisconsin Attorney General as required by Wis. Stat. § 893.82.

On appeal, Dye renews his argument that the defendants violated his civil rights, but nowhere does he explain why his failure to file a timely IRCS complaint should be excused. Dye again argues that timeliness is not a relevant consideration for exhaustion purposes as long as he utilized the grievance process at some point before bringing suit. He also contends that exhaustion does not apply in this case because he is seeking money damages, a remedial measure that the administrative process cannot provide.

We review the district court's grant of summary judgment *de novo*, and view the record and the facts in the light most favorable to Dye. *Outlaw v. Newkirk*, 259 F.3d 833, 836 (7th Cir.2001). Summary judgment is proper only if "there is no genuine issue as to any material fact ... and the moving party is entitled to a judg-

ment as a matter of law." Fed.R.Civ.P. 56(c); *Outlaw*, 258 F.3d at 836.

Section 1997e(a) requires inmates to exhaust all available administrative remedies before filing a federal suit with respect to prison conditions. *See* 42 U.S.C. § 1997e(a). To meet the exhaustion requirement, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The IRCS is the administrative remedy available to Wisconsin inmates, and IRCS rules require that inmates file a complaint within 14 days of the incident giving rise to the complaint, and file an appeal within 10 days of the decision if the complaint is rejected. *See* Wis. Admin. Code § 310.01 *et seq.* Dye did not file his complaint until January 4, 2002, 11 months after the incident occurred on February 4, 2001–well beyond the 14 day limit set by IRCS rules. *See* Wis. Admin. Code § 310.09(3). Therefore, he did not exhaust his administrative remedies as required by § 1997e(a). And contrary to Dye's contention, timeliness is relevant to exhaustion because administrative remedies must be pursued "at the time ... the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. Any other conclusion would eliminate the "incentive that § 1997e(a) provides for prisoners to use the state process." *Id.* As for Dye's alternative argument about the inapplicability of exhaustion in cases seeking monetary damages, this argument was foreclosed by the Supreme Court's decision in *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). *See Larkin v. Galloway*, 266 F.3d 718, 722 (7th Cir.2001).

Regarding the dismissal of his state law claim, Dye offers no particular explanation why the district court erred in its analysis. The court granted summary judgment to the defendants on this claim because Dye did not file a notice of claim that complied with Wis. Stat. § 893.82. Under this statute, litigants who plan to sue a state officer "for or on account of an act committed in the course of ... the officer's duty" must serve notice on the Attorney General within 120 days of the event that gave rise to the cause of action. *Lewis v. Sullivan*, 188 Wis.2d 157, 524 N.W.2d 630, 634 (1994) (quoting Wis. Stat. § 893.82). Dye did not file a notice of claim with the Attorney General's office until January 8, 2002, more than a year after the cafeteria incident, and this noncompliance is fatal to his claim. *See Weinberger v. Wisconsin*, 105 F.3d 1182, 1187–88 (7th Cir.1997) (applying § 893.82).

AFFIRMED