NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 11, 2008[*]
Decided June 12, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3836

| | |
|---|---|
| JOHN L. DYE, JR., <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
|     *v.* | No. 06-C-0634 |
| BYRAN BARTOW, <br>     *Defendant-Appellee.* | Rudolph T. Randa, <br> *Chief Judge.* |

**O R D E R**

Wisconsin inmate John Dye was involved in a fight with another inmate and was sanctioned with 90 days of disciplinary segregation. The following month, he sued the warden under 42 U.S.C. § 1983, demanding his release from segregation. (Dye mislabeled his complaint as a petition for writ of mandamus, but the district court recognized it for what it is.) Dye claimed that he was disciplined in violation of prison "rules, policies, and procedures," and that the "stress" of life in segregation had left him unable to eat

---

[*] After examining the briefs and the record we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

"anything" for more than a month and, as a consequence, caused his blood pressure to drop precipitously. At screening, *see* 28 U.S.C. § 1915A, the court immediately dismissed Dye's claim concerning his disciplinary hearing because Dye had no liberty interest in avoiding segregation. But the court construed Dye's allegation about not eating as a claim under the Eighth Amendment for deliberate indifference to a serious medical condition, and directed the warden to respond. Later the court granted summary judgment for the warden on the ground that Dye had failed to exhaust his administrative remedies.

Under the Prisoner Litigation Reform Act, an inmate must exhaust available administrative remedies by completing all the procedural steps of the prison grievance process before complaining in federal court about prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 126 S.Ct. 2378, 2382-83, 2385, 2387 (2006); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). But administrative remedies are deemed to be unavailable if prison staff prevent an inmate from pursuing them by, for instance, withholding the necessary forms. *Kaba*, 458 F.3d at 684; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004).

As relevant here, Dye renews his contention that he had no available remedies to exhaust because, he maintains, prison staff denied him the necessary form for filing a grievance. *See* WIS. ADMIN. CODE DOC §§ 310.06, 310.09. But Dye's response to the warden's motion for summary judgment did not support this allegation. Dye stated only that on "various occasions" he was denied "necessary requested institution forms," and he did not even identify grievance forms as the ones denied him. The scant record he submitted showing that he filed a grievance complaining about the lack of forms offers no clarification. To the contrary, the warden's undisputed evidence at summary judgment showed that Dye indeed had access to grievance forms during the time he allegedly was not eating.

The altercation that resulted in Dye's discipline occurred on April 15, 2006. He was placed in temporary segregation while prison authorities investigated and was moved to disciplinary segregation shortly thereafter. When Dye signed his complaint on May 21, 2006, he alleged that he had not eaten for 36 days, or since April 15. The list of Dye's grievances presented by the warden shows that Dye filed two grievances on May 4, two on May 9, and one on May 19. One of the May 9 grievances was the one he used to grieve the denial of unidentified forms. All of these grievances were filed while Dye was allegedly not eating, and any one of them could have been used to grieve his conditions. *See* WIS. ADMIN. CODE DOC §§ 310.09(6) (providing that grievance can be filed within 14 days of occurrence giving rise to complaint).

Dye also argues that his state of "medical emergency" should have excused him from exhausting his administrative remedies. We have difficulty discerning the emergency; Dye alleged only that he was not eating, not that he was being denied food, or that he suffered from a medical condition that prevented him from eating when he tried to. Either way, though, this court has never recognized such an exception to the exhaustion requirement. *See Dole*, 438 F.3d at 809 ("This circuit has taken a strict compliance approach to exhaustion.") Accordingly, the district court properly granted summary judgment because there was no material factual dispute as to Dye's access to grievance forms or his failure to exhaust administrative remedies.

We also conclude that this appeal is frivolous. Dye is no stranger to the exhaustion requirement. *See Dye v. Kingston*, 130 Fed. Appx. 52 (7th Cir. 2005) (affirming summary judgment for defendant on ground that Dye had failed to exhaust administrative remedies); *Dye v. Bett*, 79 Fed. Appx. 226 (7th Cir. 2003) (same). In this instance, his failure to exhaust administrative remedies was plain from the record in the district court, and since Dye's appeal simply repeats arguments that the court properly rejected and that were "foreordained" to lose, it is frivolous. *See Berwick Grain Co. v. Illinois Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989). Dye already had incurred two "strikes" in the district court for pursuing frivolous litigation. *See Dye v. Kay*, No. 00-C-1058 (E.D. Wis. Apr. 23, 2001); *Dye v. Milwaukee Journal Sentinel, Inc.*, No. 99-C-1324 (E.D. Wis. Dec. 28, 1999). He has incurred a third "strike" for this appeal and has now "struck out." *See* 28 U.S.C. § 1915(g).

AFFIRMED.