State of Wisconsin, Plaintiff-Respondent,
v.
Rufus P. West, Defendant-Appellant.
No. 03-0963.
Court of Appeals of Wisconsin.
Opinion Filed: October 26, 2004.
Before Wedemeyer, P.J., Fine and Curley, JJ.
¶1 PER CURIAM.
Rufus P. West appeals, pro se, from an order denying his WIS. STAT. § 974.06 (2001-02) motion for postconviction relief.[1] The trial court summarily denied West's claims under State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). We affirm.

I.
¶2 As material, West was charged with armed robbery, as a repeat offender, and possession of a firearm by a felon for robbing Brenda Lotten on August 8, 1994. West pled not guilty and went to trial. At the trial, Lotten testified that a man with a handgun stole her purse. She described the man as approximately five feet nine inches tall, with a slim build and a dark complexion, and told the jury that he was wearing a baseball hat and a blue bandana.
¶3 An arresting police officer also testified. According to the officer, on the night of the robbery, he saw West running in a hunched over position with his hands across his belly, as if he were hurt or holding something. The officer tried to stop West, but West fled. As the officer chased West, West held up and then dropped a handgun. West also dropped a purse from under his clothing. The officer eventually caught West and held him while Lotten was brought to the scene for a show-up identification. Lotten told the police that West fit the perpetrator's description as to clothing and build, and identified the blue bandana, the gun, and the purse.
¶4 A jury found West guilty on both counts. The trial court ultimately sentenced West to twenty-eight years in prison on the armed-robbery charge, consecutive to any other sentence he was then serving, and six years in prison on the felon-in-possession charge, concurrent to the armed-robbery sentence.
¶5 On direct appeal, West's lawyer filed a no-merit report. West filed a response. After reviewing the no-merit report and West's response, and after conducting an independent review of the record, we affirmed the judgment of conviction, concluding that there would be no arguable merit to any potential appellate issues. See State v. West, No. 96-3348-CRNM, unpublished slip op. (Wis. Ct. App. Mar. 13, 1997). The Wisconsin Supreme Court denied West's petition for review on June 10, 1997.
¶6 Over five years later, West filed a pro se WIS. STAT. § 974.06 motion. West asked the trial court to vacate his conviction based on the following allegations: (1) the arresting officer's initial stop violated the Fourth and Fourteenth Amendments; (2) there was no evidence that he possessed the gun or the purse; (3) there was no evidence that he possessed the bandana; (4) the police withheld evidence; (5) the show-up identification procedure was impermissibly suggestive; (6) his trial and appellate lawyers were ineffective; (7) the trial court should have given a lesser-included offense instruction to the jury; (8) he could not accurately evaluate whether or not to enter a plea because he received inconsistent sentencing matrix forms; (9) the trial court erred when it denied his request for a new lawyer on the first day of the trial; (10) the trial court erroneously exercised its sentencing discretion; (11) the prosecutor engaged in "prejudicial gross misconduct"; and (12) the information was defective. The trial court denied the motion, concluding that West's claims were barred under Escalona-Naranjo because West could have raised all of the claims in the response to the no-merit report, but did not.

II.
¶7 West's appeal is simply a repetition of the claims that he presented to the trial court in his WIS. STAT. § 974.06 motion. These claims are barred for two reasons. First, a defendant may not raise issues that have already been determined on appeal. See State v. Witkowski, 163 Wis. 2d 985, 990, 473 N.W.2d 512, 514 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue."). We rejected West's first, second, third, fifth, seventh, and tenth arguments on direct appeal. Having already addressed these claims, we will not consider them again. To the extent that we did not address West's sixth claim, that his lawyers were ineffective in the no-merit opinion, it is barred because West failed to raise it in his response to the no-merit report.
¶8 Second, West's remaining claims are also barred under Escalona-Naranjo, as it interprets WIS. STAT. § 974.06. Under § 974.06(4), a criminal defendant must raise all postconviction claims in one motion or appeal. Escalona-Naranjo, 185 Wis. 2d at 178, 517 N.W.2d at 161. Issues that have been finally adjudicated, waived, or not raised in a proper postconviction motion, cannot be raised in a § 974.06 motion unless there is a "sufficient reason" for failing to raise them in the original motion. Escalona-Naranjo, 185 Wis. 2d at 181-182, 517 N.W.2d at 162.
¶9 West did not raise his fourth, eighth, ninth, eleventh, and twelfth claims in his response to the no-merit report. Accordingly, they are waived absent a sufficient reason for his failure to do so. In his WIS. STAT. § 974.06 motion, West alleged four explanations for why "it [took him] so long to raise these claims." For the following reasons, West's explanations are not sufficient.
¶10 First, West claimed that he did not raise all of the issues in his response to the no-merit report because he was "ignorant [regarding] criminal law." Ignorance of the law, however, is not a sufficient excuse. See Douglas County Child Support Enforcement Unit v. Fisher, 185 Wis. 2d 662, 670, 517 N.W.2d 700, 704 (Ct. App. 1994). Moreover, pro se litigants are generally held to the same rules that apply to lawyers on appeal. See Waushara County v. Graf, 166 Wis. 2d 442, 452, 480 N.W.2d 16, 20 (1992); cf. bin-Rilla v. Israel, 113 Wis. 2d 514, 520, 335 N.W.2d 384, 388 (1983) (pro se complaints to be liberally construed). To allow West to use his pro se status to raise claims that he should have raised during his original appeal would be contrary to Escalona-Naranjo's policy of "finality ... in litigation." Id., 185 Wis. 2d at 185, 517 N.W.2d at 163.
¶11 Second, West alleged that, in July of 1996, he was "incessantly poisoned w[ith] an overdose of [his] seizure medicine which permanently handicapped [his] legs." He thus claimed that he was "compelled ... to drop everything ... to tend to [his] health." West did not, however, provide any medical evidence to the postconviction court or to us to support his claim that he had a serious medical condition. Without that evidence, we are unable to determine the nature and extent of his alleged condition or how and whether it could have affected his ability to work on the response to the no-merit report. See State v. Bentley, 201 Wis. 2d 303, 314, 548 N.W.2d 50, 55 (1996) (defendant should provide facts that allow a reviewing court to meaningfully assess his or her claim).
¶12 Third, West claimed that as a result of transferring prisons, "some of [his] trial [and] appellate papers got lost or stolen, [his] mail wasn't getting to him [and] things were just chaotic." We cannot evaluate this claim either, however, because West did not allege before the postconviction court, and does not allege on appeal, what documents were lost or stolen, or what information in the allegedly missing documents would have prompted him to raise the additional claims in his response. See id.
¶13 Finally, West claimed that he was unable to purchase a copy of the transcripts from his parole-revocation hearing. Like the missing/stolen documents argument, this argument is insufficient. West did not allege before the trial court, and does not allege on appeal, what information from the transcripts would have led to additional claims. See id. Because West failed to present a sufficient reason for his failure to raise the claims in his response to the no-merit report, they are procedurally barred.
By the Court.  Order affirmed.
NOTES
[1] West filed a "Pro Se Criminal Appeal." The trial court construed it as a motion for postconviction relief under WIS. STAT. § 974.06 (2001-02).

All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.