**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**September 30, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.        **2020AP1277-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  **1995CF66**

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

JOHN G. DAHLK,

  DEFENDANT-APPELLANT.

        APPEAL from an order of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

        Before Blanchard, P.J., Graham, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. John G. Dahlk appeals pro se from a postconviction court order denying his motions for sentence modification and resentencing. Dahlk raises two separate sentence modification claims, arguing that a change in parole policy, and his assistance to law enforcement, are "new factors" warranting sentence modification. *See State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828. We construe Dahlk to also seek resentencing based on his assertion that his original sentence was illegal.

¶2    We reject Dahlk's arguments. Dahlk has not demonstrated that a change in parole policy is a new factor. Moreover, even assuming Dahlk's assistance to law enforcement is a new factor, the postconviction court did not erroneously exercise its discretion in not modifying Dahlk's sentence on that basis. Finally, Dahlk has not demonstrated that his sentence was illegal. We therefore affirm.

## BACKGROUND

¶3    The following is undisputed for purposes of appeal. Between November 1993 and January 1994, Dahlk was held in the Dane County jail awaiting trial on felony charges of sexual assault and false imprisonment of his former girlfriend. During that time, Dahlk solicited three people in an attempt to kill a witness (his former girlfriend) and Dahlk's great-aunt. One of the people Dahlk solicited was Gregory Phillips, an undercover Wisconsin Department of Justice agent. Phillips reported that Dahlk attempted to give him money and cocaine to murder the great-aunt. Dahlk's plan was that his mother would inherit money from his great-aunt following her death, his mother would use the money to post his $65,000 bond, and he would flee the country to Colombia.

¶4     Dahlk was charged with three counts of solicitation of first-degree intentional homicide.  *See* WIS. STAT. §§ 939.30(2); 940.01(1) (2019-20).[1]  On September 14, 1995, the court held a plea and sentencing hearing in the solicitation case.  Dahlk pled no contest to one of the charges, concerning his solicitation of Phillips, and the court dismissed and read in the other two solicitation counts.  The court adopted the parties' joint recommendation and sentenced Dahlk to ten years' incarceration—the maximum penalty—consecutive to the twenty-seven-year sentence that, by that time, had been imposed on the sexual assault and false imprisonment offenses.

¶5     In December 2019, Dahlk moved the postconviction court to modify his sentence on the solicitation conviction (this appeal concerns only that sentence).  Dahlk argued that a change in parole policy was a "new factor" warranting sentence modification.  *See **Harbor***, 333 Wis. 2d 53, ¶¶35, 37, 40 (a fact or set of facts "highly relevant" to the sentence but unknown at sentencing constitutes a "new factor," on which basis the circuit court may exercise its discretion to modify the sentence).  The postconviction court denied the motion concerning the change in parole policy, concluding that Dahlk had not established a "new factor" as a matter of law.  In subsequent motions and letters to the court, Dahlk raised additional claims and arguments, which the court denied or did not address, and which we discuss in more detail below.  Dahlk appeals.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.  The statutes under which Dahlk was convicted and sentenced have not been materially amended.

## DISCUSSION

### I. Threshold Procedural Matters

¶6      Dahlk's appeal primarily concerns his motion to modify his sentence in the solicitation case. The basis for this motion is a 1994 letter from then-Governor Tommy Thompson to the Department of Corrections secretary, which letter, in Dahlk's view, "change[d] … parole policy." Before turning to this issue, however, we must determine whether and how to address additional claims and arguments that Dahlk raised, or attempted to raise, to the postconviction court.

¶7      This case began when Dahlk filed a "motion for sentence modification" and a "brief in support" of that motion on December 30, 2019, and February 10, 2020, respectively. That motion concerns the Thompson letter. The postconviction court denied the motion in a March 4, 2020 decision and order, concluding that the Thompson letter was not a new factor because Dahlk had not shown that the sentencing court relied on parole eligibility. *See Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975) (to be considered a new factor, the fact or set of facts must be "highly relevant to the imposition of sentence"); *State v. Franklin*, 148 Wis. 2d 1, 14, 434 N.W.2d 609 (1989) ("[A] change in parole policy cannot be relevant to sentencing unless parole policy was actually considered by the circuit court.").

¶8      On June 18, 2020, Dahlk filed a letter with the postconviction court pointing out that the March 4 decision relied on the sentencing transcript for the wrong case (Dane County Case No. 1993-CF-1604, concerning the sexual assault and false imprisonment convictions). The letter further asserts that the sentencing court was statutorily required "to consider parole when imposing sentence," the implication being that parole policy must have been a highly relevant

4

consideration at sentencing. On July 3, Dahlk brought a "motion to amend," stating, "This defendant needs to add a new factor to reflect his assistance to authorities" (as discussed below, Dahlk assisted in a law enforcement investigation at some point after his sentencing in this case). On July 7, 2020, the postconviction court issued a new decision and order based on the sentencing transcript for this case, concluding that no new factor existed. The July 7 decision does not address the additional arguments and claims raised in the June 18 letter and July 3 motion to amend concerning, respectively, the statutory requirement to consider parole and Dahlk's assistance to law enforcement.

¶9      On July 15, 2020, the court sent a letter to Dahlk denying the motion to amend but stating that, even if it had amended the motion, it would not have exercised its discretion to modify Dahlk's sentence on the basis of any subsequent assistance to law enforcement. Finally, on July 24, 2020, Dahlk filed a motion to reconsider his motion for sentence modification. The motion to reconsider construed the postconviction court's July 7 decision and order (the updated order on his original motion) as concluding that the sentencing court did not consider parole at sentencing. In the motion to reconsider Dahlk argued that if the sentencing court did not consider parole eligibility in imposing sentence, then his sentence was "illegal." We construe this motion to further argue that the postconviction court erroneously exercised its discretion in denying Dahlk's July 3 motion to amend. Dahlk, however, filed a notice of appeal that same day, July 24. Thus, we have no record of the postconviction court's actions on the motion to reconsider.

¶10      We construe Dahlk's brief-in-chief to raise all of the above claims, seeking: (1) sentence modification based on the Thompson letter; (2) sentence modification based on Dahlk's assistance to law enforcement; and (3) resentencing

5

based on the sentencing court's failure to consider parole and his resulting illegal sentence. The State, however, argues that Dahlk has forfeited his "illegal sentence" argument by first raising it in his motion to reconsider, which is not part of this appeal. In keeping with our policy of liberally construing filings by pro se prisoners, we consider Dahlk to have raised this issue in his June 18 letter to the postconviction court. *See* ***bin-Rilla v. Israel***, 113 Wis. 2d 514, 520-21, 335 N.W.2d 384 (1983). Alternatively, in the interest of completeness, we elect to review this issue even if it is forfeited. For similar reasons, we choose to consider: (1) Dahlk's new factor claim based on his assistance to law enforcement (raised in his July 3 motion to amend); and (2) any argument that, because the sentencing court was statutorily obligated to consider parole eligibility, this factor was necessarily highly relevant to sentencing (alluded to in Dahlk's June 18 letter).

## II. Principles of Law and Standard of Review

¶11 "Within certain constraints, Wisconsin circuit courts have inherent authority to modify criminal sentences." ***Harbor***, 333 Wis. 2d 53, ¶35. One basis for sentence modification is when the defendant demonstrates a "new factor." ***Id.*** This is a two-step inquiry. ***Id.***, ¶36. First, the defendant must show, by clear and convincing evidence, that a "new factor" exists. ***Id.*** A "new factor" is

> a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

***Rosado v. State***, 70 Wis. 2d at 288. Whether a "fact or set of facts" constitutes a "new factor" is a question of law that we determine de novo. ***Harbor***, 333 Wis. 2d 53, ¶36. Second, if a defendant establishes a "new factor," the circuit court must exercise its discretion to determine whether sentence modification is warranted.

*Id.*, ¶37.  The court need not reach this step if it determines that no "new factor" exists.  *Id.*, ¶38.

¶12    Dahlk also seeks resentencing, arguing that his sentence is "illegal" or invalid because the court did not follow the sentencing statutes Dahlk believes were then in effect.  Whether a motion states a request for resentencing because the original sentence was invalid is a question of law that we decide de novo. *State v. Wood*, 2007 WI App 190, ¶4, 305 Wis. 2d 133, 738 N.W.2d 81.

### III.  Application of the Law to Dahlk's Appeal

*A.  Sentence modification based on the Thompson letter*

¶13    As previously stated, Dahlk argues that an April 28, 1994 letter from then-Governor Thompson to the Department of Corrections secretary constitutes a new factor warranting sentence modification.  Governor Thompson wrote this letter following the passage of 1993 Wis. Act 194, which changed the inmate release date—established at two-thirds of the sentence—from "mandatory" to "presumptive[ly] mandatory" for "an inmate who is serving a sentence for a serious felony committed on or after April 21, 1994, but before December 31, 1999."  *See* WIS. STAT. § 302.11(1), (1g)(am); *State v. Delaney*, 2006 WI App 37, ¶16, 289 Wis. 2d 714, 712 N.W.2d 368, *abrogated on other grounds by Harbor*, 333 Wis. 2d 53, ¶¶47-48.  The letter states that "[l]egal counsel advised that any retroactive change in the law would be unconstitutional"; accordingly, Governor Thompson "direct[ed] the Department of Corrections to pursue any and all available legal avenues to block the release of violent offenders [governed by the old release law] who have reached their mandatory release date."  *Wood*, 305 Wis. 2d 133, ¶11 n.5.

¶14    Dahlk argues that this letter reflects "a change in the parole system" or "a change in the parole policy." We construe Dahlk to argue that a "new factor" exists for purposes of sentence modification because this "change" was unknown to, and highly relevant to, the imposition of his sentence.[2] *See Rosado*, 70 Wis. 2d at 288.

¶15    Dahlk's motion suffers from some of the same logical flaws we have pointed out in other cases addressing analogous sentence modification motions. Dahlk committed the solicitation offense between November 1993 and January 1994; the Thompson letter was issued on April 28, 1994; and Dahlk entered his plea and was sentenced on September 14, 1995. Dahlk has not explained why the Thompson letter, issued almost a year and a half before sentencing, would have been unknown or overlooked at sentencing. *See Delaney*, 289 Wis. 2d 714, ¶10; *Rosado*, 70 Wis. 2d at 288. Moreover, the letter applies to mandatory release, not discretionary parole; thus, it does not on its face reflect a change in the parole system. *See Wood*, 305 Wis. 2d 133, ¶11. The letter also "d[oes] not carry the force of law" and "d[oes] not purport to change the law," so it is not obvious that the letter could have or did effect any change in the parole system. *See id.*, ¶11 nn.3 & 4; *Delaney*, 289 Wis. 2d 714, ¶¶17-18.

---

[2] Dahlk argues that the "change in the parole system … frustrate[ed] the original sentence," but, as our supreme court clarified in *State v. Harbor*, 2011 WI 28, ¶48, 333 Wis. 2d 53, 797 N.W.2d 828, "frustration of the purpose of the original sentence is not an independent requirement when determining whether a fact or set of facts alleged by a defendant constitutes a new factor." Therefore, our analysis concerns only whether Dahlk has established, by clear and convincing evidence, "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing." *See Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975); *Harbor*, 333 Wis. 2d 53, ¶36.

¶16    But even assuming that this letter represents a "change in the parole system" unknown to the sentencing court, Dahlk has not demonstrated that this fact would have been "highly relevant to the imposition of sentence." *See* ***Rosado***, 70 Wis. 2d at 288. "[A] change in parole policy cannot be relevant to sentencing unless parole policy was actually considered by the circuit court." ***Franklin***, 148 Wis. 2d at 14. The sentencing court's full explanation for the imposition of the sentence is as follows:

> In going through the criminal complaint a couple of times this morning, I was struck by the sheer callousness of your attempted actions and [by] the fact that you really have no feelings for anybody, other than yourself. Were I to give you anything less than the maximum penalty today, I am satisfied it would not adequately reflect the serious nature of the crime, nor would it adequately protect society.
>
> I think that the recommendation here is totally appropriate, in light of all the circumstances.
>
> You're only twenty-nine. I consider you to be extremely dangerous. Anyone who would attempt this type of activity, particularly against a relative of theirs, and against a former girlfriend, is someone that we can all have concern about.

As in ***Franklin***, "[t]he court did not refer to the possibility of parole [or] discuss parole board policy"; nor did it "sentence [Dahlk] with the expectation that he would receive an early parole." *See* ***id.*** at 14. Because "[p]arole policy simply was not relevant to the original sentence," a change in parole policy cannot constitute a "new factor" as a matter of law. *See* ***id.*** at 13; ***Rosado***, 70 Wis. 2d at 288.[3]

---

[3] Citing WIS. STAT. §§ 973.011(1)(b) and 973.012 (1993-94), Dahlk argues that "the sentencing court was statutorily obligated to consider the possibility of parole as a relevant factor" in sentencing him. Section 973.012 requires sentencing courts to take sentencing guidelines "into consideration," and § 973.011(1)(b) states that sentencing guidelines "shall …
(continued)

## B. Sentence modification based on assistance to law enforcement

¶17 Dahlk argues that his assistance to law enforcement constitutes a new factor warranting sentence modification.[4] Dahlk does not cite to evidence in the record in support, but directs us to this court's decision on Dahlk's 2006 sentence modification motion in the sexual assault and false imprisonment case. *See State v. Dahlk*, No. 2015AP717-CR, unpublished op. and order (WI App Dec. 30, 2015). In that decision, we observed that Dahlk had filed a February 14, 2006 letter in which an assistant United States attorney stated that Dahlk provided "valuable" assistance to the Federal Bureau of Investigation on the illegal filing of income tax returns. *See id.* at 2. For our purposes, we treat this as evidentiary support for Dahlk's motion.

¶18 In declining to modify Dahlk's sentence, the postconviction court did not address the first step of the two-part *Harbor* inquiry. *See Harbor*, 333 Wis. 2d 53, ¶36 (first step is to determine if the defendant established a new factor as a matter of law). Thus, the court appeared to assume that Dahlk's assistance to law enforcement did or could constitute a new factor. The court determined, however, that Dahlk's claim failed at the second step, because sentence modification was unwarranted. *See id.*, ¶37 (if a defendant establishes a new

---

include consideration of … parole." We discuss these statutes further in the context of Dahlk's resentencing claim based on an "illegal" sentence. Here, Dahlk may mean to argue that the possibility of parole was per se "highly relevant" to sentencing because the sentencing court had a statutory duty to "consider[]" parole. This argument misses the mark. Even if the sentencing court was required to sentence Dahlk with considerations of parole in mind, this does not necessarily mean that the possibility of parole had any bearing on the actual sentence imposed.

[4] Dahlk's brief-in-chief focuses on whether the circuit court erroneously exercised its discretion in not permitting him to amend his original motion. As stated above, in the interest of completeness, we analyze directly whether the circuit court erroneously exercised its discretion in denying sentence modification.

factor, the circuit court must exercise its discretion to determine whether sentence modification is warranted).  The court stated,

> As you know, we have never met.  I did not preside in your case.  I have reviewed the transcripts, but that is a poor substitute for … actually imposing sentence.  I believe [the sentencing court] was clear.  [It] imposed your sentence and you have not persuaded me that I should now substitute my judgment for that of [the sentencing court].

¶19     We conclude that this rationale is reasonable and reflects an appropriate level of deference to the sentencing court.  As previously stated, the sentencing court "was struck by the sheer callousness" of Dahlk's actions, stating that Dahlk had "no feelings for anybody, other than [him]self."  That court determined that "anything less than the maximum penalty … would not adequately reflect the serious nature of the crime, nor would it adequately protect society."  Dahlk does not give us any basis to reverse the postconviction court's decision that his subsequent assistance to law enforcement did not merit revisiting the original sentence or reweighing those factors and objectives originally deemed relevant.

*C. Resentencing based on illegal sentence*

¶20     Finally, Dahlk argues that the sentencing court "was statutorily obligated to consider the possibility of parole as a relevant factor when [it] constructed [his] sentence under Wisconsin Statutes § 973.011 and § 973.012" and that failure to do so makes the sentence "illegal."  We do not have a record of the postconviction court's actions on Dahlk's motion to reconsider, in which he raised this claim.  For purposes of appeal, we assume that the postconviction court denied his motion for resentencing.  We construe Dahlk to argue that we must reverse the denial of his motion, and remand for resentencing, because the

11

sentencing court's failure to follow WIS. STAT. §§ 973.011 and 973.012 resulted in an invalid sentence. *See Wood*, 305 Wis. 2d 133, ¶9 (in contrast to sentence modification "to correct specific problems," resentencing is appropriate where "it is necessary to completely re-do the invalid sentence").

¶21     WISCONSIN STAT. §§ 973.011 and 973.012, when in effect, directed sentencing courts to take into consideration guidelines promulgated by the sentencing commission, including the possibility of parole. *See* §§ 973.011(1)(b), 973.012 (1993-94). Sections 973.011 and 973.012, however, were repealed by 1995 Wis. Act 27, §§ 7251 and 7252, respectively, effective July 29, 1995. Dahlk was sentenced on September 14, 1995. Therefore, Dahlk has not shown that the sentencing court was required to "consider the possibility of parole as a relevant factor," and Dahlk's resentencing claim fails as a matter of law.[5]

## CONCLUSION

¶22     Dahlk has not demonstrated, by clear and convincing evidence, that the 1994 letter from then-Governor Thompson constitutes a "new factor" for purposes of sentence modification. Moreover, the circuit court did not erroneously exercise its discretion in declining to modify Dahlk's sentence on the basis of assistance Dahlk provided to the law enforcement. Finally, Dahlk has not

---

[5] The State argues that WIS. STAT. §§ 973.011 and 973.012 were not in effect at the time of sentencing and therefore were inapplicable. Dahlk did not file a reply brief and thus did not address this argument. Dahlk has not argued at any point that §§ 973.011 and 973.012 should have applied because, even though they were not in effect at sentencing, they were in effect when he committed the underlying offense. We note, however, that even assuming that these statutes applied, Dahlk has provided no basis for concluding that the circuit court ignored these statutes or any other relevant law.

established that his original sentence was invalid, such that resentencing is warranted. We affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.